## Davis *versus* Amy.

1. Where the whole of plaintiff's claim in suit was barred by the Statute of Limitations, except $3.98, and the defendant gave evidence of the payment of $6.29, on a verbal order to J. T. D., a few days before suit brought, it is competent for him to prove that at the time he made the payment, he declared that he " owed the plaintiff nothing," but that he preferred paying it, to having any further trouble about it.

2. Where one makes a person an agent to receive money for him, he is also his agent to receive such declarations as necessarily accompany the payment and direct its application.

ERROR to the Court of Common Pleas of *Susquehanna county*.

*Bentley*, for plaintiff in error.

————, for defendant in error.

The facts are fully stated in the opinion of the court, delivered April 4, 1854, by

LEWIS, J.—The principal part of the plaintiff's demand was composed of items of book account, which were barred by the Statute of Limitations. But the sum of $3.98 was made up of items, which accrued within six years. The plaintiff rested his case without giving the defendant credit for any payments whatever, and without giving any evidence to take out of the statute, the items which accrued more than six years before suit brought. The defendant gave evidence of the payment of $6.29 on a verbal order in favor of John T. Davis. This payment was made a few days before suit brought. It was necessary to introduce it, in order to meet the items which accrued within six years, and which were overpaid by it. But to repel the implication arising from the payment, that the other items were still due, the defendant offered to prove by the witness who received the money, that the defendant, at the time of paying, declared

[Smith *v.* Knowles.]

that he " owed the plaintiff nothing, but that he preferred pay-
ing it, to having any further trouble about it." This declaration
was a part of the act itself. A declaration of some sort gene-
rally accompanies the payment of money. This is necessary, in
order to indicate the purpose for which the payment is made,
and on what account it is to be applied. Without explanation
of this nature, the payment in question could not be applied to
the present demand. It is no answer to the argument to say,
that the statement was made to a third person, and not to the
plaintiff.' The latter made the person, to whom he gave au-
thority to receive the money, his agent, for all purposes con-
nected with the payment. He could not receive the benefit of
it, without being bound by the conditions upon which it was made.
Nor can he claim to draw an inference in his favor from the
payment, without permitting the defendant to show, from the
whole transaction, that no such inference can legitimately
arise. It was error to reject the evidence. If the plaintiff de-
sires to avoid the effect of it upon the original merits of his de-
mand, let him disclaim upon the record the inferences which
arise in his favor, an unexplained payment of that amount.

Judgment reversed and *venire facias de novo* awarded.